IN THE CIRCUIT COURT OF THE 13th
JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

ASBESTOS LITIGATION

LINDA L. PENDERGAST, as Personal
Representative in the Estate of ROBERT
G. LOWTHER, JR., et al.,

CASE NO.:        09  22945

        Plaintiff,

-vs-

AMERICAN OPTICAL CORPORATION,
BONDEX INTERNATIONAL, INC., (a subsidiary of BONDEX COMPANY),
BORG WARNER CORPORATION,
CERTAINTEED CORPORATION,
DISCOUNT AUTO PARTS, INC.,
84 LUMBER COMPANY,
FORD MOTOR COMPANY,
GEORGIA PACIFIC CORPORATION,
GENUINE PARTS COMPANY,
HOLLINGSWORTH & VOSE COMPANY, INC.,
HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to
        ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION,
LORILLARD TOBACCO COMPANY,
LION APPAREL, INC.,
MINE SAFETY APPLIANCES COMPANY,
OWENS-ILLINOIS, INC.,
PNEUMO ABEX LLC, a successor in interest to PNEUMO ABEX CORPORATION,
REPUBLIC POWDERED METALS, INC. (RPM, Inc.) Individually and as success-in-interest to
        and/or Alter ego of and/or otherwise Responsible for THE REARDON COMPANY
        AND BONDEX INTERNATIONAL,
SEARS HOLDINGS CORPORATION, Individually and as Parent Company to SEARS,
        ROEBUCK AND CO.,
SEARS, ROEBUCK AND CO., Individually and as subsidiary of SEARS HOLDINGS
        CORPORATION;
THE SHERWIN-WILLIAMS COMPANY,
UNION CARBIDE CORPORATION,
WESTERN AUTO SUPPLY COMPANY, a subsidiary of ADVANCE STORES COMPANY,
        INC.

        Defendants.

_____/

1

## COMPLAINT FOR WRONGFUL DEATH AND
## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LINDA L. PENDERGAST, Individually and as Personal Representative of the Estate of ROBERT G. LOWTHER, JR., files her Amended Complaint for Wrongful Death against the Defendants, and alleges as follows:

1.     Plaintiff's action is an action for damages in excess of the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS.

2.     LINDA L. PENDERGAST, as Personal Representative of Decedent's Estate and Survivors, JUANITA M. LOWTHER, is the Plaintiff herein.

3.     The Decedent, ROBERT G. LOWTHER, JR. was diagnosed with terminal malignant mesothelioma January 2008. On March 28, 2008, Decedent passed away as a result of the same mesothelioma, which was caused by Decedent's exposures to asbestos-containing products manufactured, sold, supplied and/or distributed by Defendants named above.

4.     JUANITA M. LOWTHER and ROBERT G. LOWTHER, JR. were married on August 4, 1985.   She is the surviving spouse of the Decedent; the mother of Decedent's surviving children, LINDA L. PENDERGAST, Decedent's daughter, and DONALD LOWTHER, Decedent's son.

5.     Venue in Hillsborough County is proper for this reason, and because at least one of the Defendants against whom this action is brought resides, has agents or representatives and/or does significant business in the county where the above styled circuit court sits.

6.     "Products" as used in this complaint means all products that contained or included asbestos or asbestos-containing components in whole or in any mixture with other materials manufactured, marketed, sold, distributed and/or supplied by the Defendants including, but not limited to pumps, safety equipment, gaskets, packing, pumps, joint compound, gypsum

accessory products, clutches, brakes, transmissions, brake lathes, paper, filters, cigarettes, insulation, vehicles, roofing felts, shingles, roofing cements and coating.

7.     Beginning in approximately 1945 and until 2000 Decedent purchased, worked with and around products, and was otherwise exposed to asbestos and/or asbestos-containing products and replacement products manufactured, sold, supplied and/or distributed by the above-named Defendants, individually or through its predecessors or subsidiaries.

8.     Decedent purchased, worked with and used Defendants' products in the intended manner, without significant change in the products' condition, and being unaware of the dangerous properties of asbestos, relied on the Defendants' instructions as to proper methods of handling the products and representations regarding the safety of working with the same.

9.     Decedent's subsequent and unavoidable exposure to and inhalation of asbestos fibers from Defendants' products caused Decedent's mesothelioma and eventual death.

## DEFENDANTS

10.     Defendant, AMERICAN OPTICAL CORPORATION, is a Massachusetts corporation with its principal place of business located in Massachusetts.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

11.     Defendant, BONDEX INTERNATIONAL, INC., a subsidiary of BONDEX COMPANY, is an Ohio corporation with its principal place of business located in Missouri.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent

3

purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

12.     Defendant, BORG WARNER CORPORATION, is an Delaware corporation with its principal place of business located in Michigan.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

13.     Defendant, CERTAINTEED CORPORATION, is a Delaware corporation with its principal place of business located in Pennsylvania.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

14.     Defendant, DISCOUNT AUTO PARTS LLC, is a Florida corporation with its principal place of business located in Virginia.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

15.     Defendant, FORD MOTOR COMPANY, is a Delaware corporation with its principal place of business located in Michigan.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the

United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

16.     Defendant,     GEORGIA-PACIFIC     L.L.C.,     f/k/a     GEORGIA-PACIFIC CORPORATION, is a Georgia corporation with its principal place of business located in Georgia.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

17.     Defendant, GENUINE PARTS COMPANY, is a Georgia corporation with its principal place of business located in Georgia.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

18.     Defendant, HOLLINGSWORTH & VOSE COMPANY, INC., is a Massachusetts corporation with its principal place of business located in Massachusetts.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

19.     Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation, is

a Delaware corporation with its principal place of business located in New Jersey. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

20. Defendant, LORILLARD TOBACCO COMPANY, is a Delaware corporation with its principal place of business located in North Carolina. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

21. Defendant, LION APPAREL, INC., is an Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

22. Defendant, MINE SAFETY APPLIANCES COMPANY, is a Pennsylvania corporation with its principal place of business located in Pennsylvania. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

23.     Defendant, OWENS ILLINOIS, INC., is a Delaware corporation with its principal place of business located in Ohio.     At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

24.     Defendant, PNEUMO ABEX LLC, is a Delaware corporation with its principal place of business located in New York.     At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

25.     Defendant, MINE SAFETY APPLIANCES COMPANY, is a Pennsylvania corporation with its principal place of business located in Pennsylvania.     At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat.  § 48.081 and Fla. Stat. § 48.091.

26.     Defendant, REPUBLIC POWDERED METALS, INC. (RPM, Inc.) Individually and as success-in-interest to and/or Alter ego of and/or otherwise Responsible for THE REARDON COMPANY AND BONDEX INTERNATIONAL is an Ohio corporation with its principal place of business located in Ohio. At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the

7

United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

27.     Defendant, SEARS HOLDINGS CORPORATION, is an Illinois corporation with its principal place of business located in Illinois.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

28.     Defendant, SEARS, ROEBUCK AND CO., is an Illinois corporation with its principal place of business located in Illinois.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

29.     Defendant, THE SHERWIN-WILLIAMS COMPANY, is an Ohio corporation with its principal place of business located in Ohio.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

30.     Defendant, UNION CARBIDE CORPORATION, is a New York corporation with its principal place of business located in Connecticut5.   At all times material to this cause of

action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

31.     Defendant, WESTERN AUTO SUPPLY CO., is a Delaware corporation with its principal place of business located in Virginia.   At all times material to this cause of action, Defendant manufactured, sold and/or distributed asbestos-containing products throughout the United States, including Florida, which Decedent purchased, used and was exposed to in his life, causing Decedent's mesothelioma. Service of process on Defendant is predicated on Fla. Stat. § 48.081 and Fla. Stat. § 48.091.

32.     Each of the above Defendants is either a foreign or domestic corporation that now conducts or has conducted significant revenue-producing business in Florida. Defendants have derived substantial revenue from intrastate and interstate commerce and could reasonably expect their sale and distribution of asbestos-containing or asbestiform contaminated products to have consequences in Florida or any other state.  Defendants commercial activities in Florida were not isolated and Defendants have maintained sufficient contacts with Florida and/or transacted substantial revenue-producing business in Florida to subject it to the jurisdiction of this Court pursuant to Florida Statutes § 48.181, § 48.182, or § 48.193.

33.     At all times material to this cause of action, the above-named Defendants have, through their agents, officers and representatives, operated, conducted, engaged in and carried on a business venture in Florida; maintained an office or agency in this state; solicited business or provided service activities within this state, and/or committed a tortious act within the state by manufacturing, selling and disseminating to the public inherently dangerous products: 1) Without

9

testing said products to determine their harmful effects on persons coming in contact with said products; and 2) By failing to take any reasonable precautions or to exercise reasonable care to adequately or sufficiently warn Decedent and other persons similarly situated, of the risks, dangers and harm of contracting asbestosis, mesothelioma and other forms of cancers, through inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of, contact with, handling and/or manipulation of Defendants' products.

34.     Defendants' tortious conduct, including but not limited to failure to warn and/or the manufacture, sale and/or distribution of defective products, is continuing and presently existing; arose from Defendants' acts and/or omissions which occurred inside and outside of Florida during the relevant period; and proximately caused Decedent's injuries and death.

## COUNT I: NEGLIGENCE

Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 34 above, and further alleges the following:

35.     While working with or around Defendants' products, Decedent inhaled asbestos fibers contained within, on and emitted from Defendants' products, causing Decedent to eventually develop mesothelioma and die. Each exposure to Defendants' products, which were connected to and incidental to Defendants' manufacture, sale, supply and/or distribution of its products, was harmful and substantially contributed in causing Decedent's mesothelioma and death.

36.     Due to his mesothelioma, Decedent required medical treatment; was greatly inconvenienced in his ability to lead and enjoy a normal life; lost and will continue to lose substantial income; was permanently impaired; and ultimately and unfortunately died from mesothelioma. As a result of his condition, Decedent suffered pain, mental anguish, depression

and other mental disorders; incurred medical expenses for treatment of physical and mental injuries; and suffered physical handicap and impairment. Said injuries were permanent and continuing in nature, causing Decedent to horribly suffer until his death.

37.    The aforementioned injuries, disabilities and death of Decedent were the direct and proximate cause of the negligence of the Defendants and/or their predecessors-in-interest or subsidiaries, in that Defendants produced, sold and/or otherwise placed into the stream of intrastate and interstate commerce products which Defendants knew, or, in the exercise of ordinary care should have known, were deleterious and highly harmful to Decedent's health and well being, and yet did nothing to advise the Decedent of this information.

38.    Before designing, manufacturing, selling and/or distributing their products, to which Decedent was exposed, each Defendant knew, or in the exercise of reasonable care should have known, that Decedent and/or others similarly situated would purchase, use and be exposed to asbestos from using their products by inhaling asbestos fibers emitted or released from the same.

39.    At all times material to this cause of action Defendants' products contained latent characteristics and/or design defects at the time of manufacturer and Decedent's exposure, and each Defendant knew, or should have known that Decedent's exposures to their products was harmful and could cause serious injuries including, but not limited to, asbestosis, lung cancer, mesothelioma and/or other forms of cancer.

40.    Each Defendant also knew, or should have known, that its products would be used by and around Decedent, or those similarly situated, without inspection for these defects and furthermore, that any such inspection would not have revealed the asbestos fibers or underlying danger contained in each Defendant's products; or that exposure to the same could cause severe

11

injury and eventually death. These facts, known to or readily ascertainable by the Defendants, made each Defendant's products inherently and unreasonably dangerous in that Decedent could not know nor contemplate the dangers of inhaling asbestos fibers from, in or on Defendants' products that Decedent used or was exposed to during his lifetime.

41.    Each Defendant who was in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, was negligent and/or failed to exercise reasonable care in one, some and/or all of the following respects, the same being the proximate cause of Decedent's injuries and death:

a.    In failing to adequately warn Decedent of the dangerous characteristics of their products and replacement products in that each Defendant failed to warn Decedent that he could develop fatal injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer, as a result of being exposed to asbestos emitted from each Defendants' products.

b.    In failing to place adequate warnings on or in the containers of said products to warn of the dangers to one's health of coming in contact with said asbestos and/or asbestos-containing materials and of the gravity of the risk and extent of danger that Decedent was exposing himself by working with and being exposed to said products.

c.    In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of using, handling and installing the products.

d.    In failing to develop and utilize a substitute material to eliminate asbestos fibers in the products manufactured, sold and distributed.

e. In failing to utilize the available substitute materials for asbestos fibers in the products manufactured, sold and distributed.

f. In continuing to manufacture, sell and otherwise distribute products when each Defendant knew at the time of said manufacture, sale and/or distribution of said products that such products caused injuries including, but not limited to, mesothelioma, asbestosis and/or other forms of cancer, to those persons exposed to said products.

g. In affirmatively misrepresenting to Decedent and other members of the public in advertising, by labels and otherwise, that the products manufactured, sold and/or distributed were safe in their ordinary and foreseeable use, which material misrepresentation induced Decedent to unknowingly expose himself to the hazards of developing injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer.

h. In failing to adequately test their respective products before offering them for sale and use so that Decedent and other persons similarly situated, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products and thereby expose himself to the development of fatal injuries including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer as a result of such inhalation of the asbestos dust and fibers.

WHEREFORE, Plaintiff prays for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled.

13

## COUNT II: STRICT LIABILITY

Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through34, and further alleges the following matters:

42.     Each Defendant, their predecessors-in-interest and/or their alter egos are and/or have been a manufacturer, distributor, supplier, retailer, wholesaler and/or assembler of products used with or containing asbestos.

43.     The products complained of were designed, manufactured, distributed, supplied, and/or sold by each of the Defendants and used by and/or in the vicinity of the Decedent during his lifetime.

44.     Defendants manufactured, distributed, supplied, sold and/or otherwise placed into the stream of commerce and/or caused to be placed into the stream of commerce their products.

45.     Plaintiff alleges that the Decedent used, was around and was exposed to each Defendant's products during his lifetime, during which time asbestos fibers from or on Defendants' products were liberated into the air and inhaled by Decedent eventually causing his mesothelioma and death.

46.     At the time the Defendants designed, manufactured, distributed, supplied, and/or sold the aforesaid products, such products were expected to, and did, reach Decedent in a condition without substantial change from that in which such products were when within the possession of Defendants.

47.     Defendants' products to which Decedent was exposed were used in the manner in which they were intended.

48. When used, Defendants' products failed to perform as safely as Decedent expected in that the products released respirable asbestos fibers causing Decedent's mesothelioma and his eventual and unfortunate death.

49. Defendants' products were, by reason of their design, in a condition unreasonably dangerous to users and/or bystanders, such as Decedent, as Defendants' products were dangerous beyond the expectation of the ordinary user/consumer/bystander when used as intended or in a manner reasonably foreseeable; and because the risk of danger to users and/or bystanders, such as Decedent, outweighed the benefits of the design.

50. Defendants' products were in a defective condition and unreasonably dangerous, in that those products:

a. Did not provide an adequate warning of the potential harm that might result from exposure to asbestos and/or asbestos-containing dust and, alternatively, did not have adequate instructions for safe use of the products;

b. Did not contain proper respirators to protect users and/or bystanders, such as Decedent, from the potential harm that might result from exposure to asbestos and/or asbestos-containing dust;

c. Did not have warnings to persons, such as Decedent, who had been, or reasonably may have been, exposed to Defendants' products, of their disease potential, the proper steps to take to reduce the harmful effects of previous exposure, the need to have periodic chest x-rays and medical examinations including the giving of histories which revealed the details of the previous exposure, and the need to have immediate and vigorous medical treatment for all respiratory problems;

d.    By design contained asbestos a substance deleterious, poisonous, and highly harmful to Decedent; or

e.    Contained asbestos when and after it became feasible to design, manufacture and market reasonably comparable products not containing asbestos fibers;

51.    Decedent, unaware of the defective and unreasonably dangerous condition of the Defendants' products at a time when such products were being used for the purposes for which they were intended, was exposed to asbestos contained in Defendants' asbestos-containing products causing his mesothelioma and death, making Defendants' products unsafe for the purpose of handling, installation and removal of the same.

52.    Each Defendant knew that their products would be used without inspection for defects, and by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe handling, installation and replacement of said asbestos-containing products.

53.    As a direct and proximate result of the product defects as described herein, Decedent was caused to contract diseases and injuries to his body, including mesothelioma. Due to his mesothelioma, Decedent required medical treatment; was greatly inconvenienced in his ability to lead and enjoy a normal life; lost and will continue to lose substantial income; was permanently impaired; and ultimately and unfortunately died from mesothelioma. As a result of his condition, Decedent suffered pain, mental anguish, depression and other mental disorders; incurred medical expenses for treatment of physical and mental injuries; and suffered physical handicap and impairment. Said injuries were permanent and continuing in nature, causing Decedent to horribly suffer until his death.

54.      Defendants' products were also unreasonably dangerous because a less dangerous alternative, substitute and/or modification were economically feasible and readily available. Plaintiff alleges that there were substitute materials for asbestos fibers known to each Defendant and unknown to the Decedent, which could have been used by each Defendant in designing and manufacturing their products which Decedent handled, used, and was exposed. Being in the business of manufacturing, selling and/or distributing products during the times pertinent to this suit, and being considered an expert in its field, each Defendant knew or should have known that Decedent or others similarly situated would come in contact with their asbestos-containing products, and would be exposed to asbestos by inhaling the asbestos fibers contained in each of their products, eventually causing fatal injury including, but not limited to, asbestosis, mesothelioma and/or other forms of cancer.

WHEREFORE, Plaintiff prays for judgment against the Defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled.

## DAMAGES

The Plaintiff adopts, realleges and incorporates the allegations in paragraphs 1 through 54 above, and further alleges the following:

55.      As a direct and proximate result of all of the foregoing allegations and injuries, Decedent's widow has suffered, and will continue to suffer from the loss of Decedent's services, support, income, companionship, protection, consortium and the care and comfort of his society.

56.    As a direct and proximate result of all of the foregoing allegations and injuries, and from the date of Decedent's injuries Plaintiff has also sustained severe mental pain, grief and suffering as a result of Decedent's injuries and death and will suffer such losses into the future.

57.    As a direct and proximate result of all of the foregoing allegations and injuries, Plaintiff's and Decedent's children, LINDA PENDERGRAST AND DON LOWTHER, have suffered, and will continue to suffer from the loss of Decedent's services, support, parental companionship, income, instruction, and guidance.

58.    As a direct and proximate result of the aforesaid, Plaintiff and/or Decedent's Estate were obliged to spend various sums of money to treat Decedent's injuries are obliged for the expenses of same.

59.    As a direct and proximate result of the aforesaid, Plaintiff and/or Decedent's Estate were obliged to spend various sums of money to for Decedent's funeral expenses.

60.    As a direct and proximate result of the aforesaid, Decedent's Estate has lost and will continue to lose earnings, net income and net accumulations of Decedent.

WHEREFORE, Plaintiff prays for judgment against the defendants on all of the aforementioned counts for compensatory damages against all Defendants herein, for their costs expended herein, for interest and for such other and further relief both at law and in equity to which Plaintiff may show to be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

DATE: ___9/9/09___

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for Plaintiff*
4000 Ponce de Leon Boulevard, Suite #700
Miami, Florida 33146
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:

JAMES L. FERRARO, ESQ.
Florida Bar No. 381659
DAVID A. JAGOLINZER, ESQ.
Florida Bar No. 181153
CASE A. DAM, ESQ.
Florida Bar No. 756091

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

| *Manufacturer:* | **AMERICAN OPTICAL CORPORATION** |
|---|---|

*Products:*      *Asbestos Gloves, Clothing, Masks, and Various Asbestos-containing Products*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |

*Exposure Sheets*                                    THE FERRARO LAW FIRM, P.A.
ROBERT G. LOWTHER, JR., et al.,                                August 25, 2009

---

*Manufacturer:*        **BONDEX INTERNATIONAL, INC., a subsidiary of BONDEX
                       COMPANY**

*Products:*            *Asbestos-containing joint compounds, cements, putties, and mastics*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-1979 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE ¡ ₋RRARO LAW FIRM, P.A.
August 25, 2009

| *Manufacturer:* | **BORG WARNER CORPORATION** | |
|---|---|---|
| *Products:* | *Asbestos-Containing Brakes, Clutches, Brake Linings, Transmission* | |

| **Jobsite** | **City and State** | **Dates of Exposure** |
|---|---|---|
| Decedent's Home | 2347 Inthenole Ave<br>Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE ⅃ ₨RARO LAW FIRM, P.A.
August 25, 2009

---

| *Manufacturer:* | **CERTAINTEED CORPORATION** |

*Products:*  ***Asbestos-Containing sealing cement, adhesives, joint compound, roof coating, shingles, and roofing felts***

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-1980 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*          **DISCOUNT AUTO PARTS, INC.**

*Products:*              *Asbestos-Containing Brakes, Gaskets, Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

**Manufacturer:**       **84 LUMBER COMPANY**

**Products:**       *Asbestos-Containing joint compound, ceiling textures, topping, finishing Compounds and other gypsum accessory products.*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| Manufacturer: | **FORD MOTOR COMPANY** | |
|---|---|---|
| Products: | *Asbestos-Containing Brakes, Clutches, Gaskets and Transmissions* | |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Decedent's Home | 2347 Inthenole Ave<br>Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| Manufacturer: | **GEORGIA PACIFIC CORPORATION** |
|---|---|

Products: ***Asbestos-Containing joint compounds, topping compounds, spackle, and texture***

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1979 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-1979 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

**Manufacturer:**   **GENUINE PARTS COMPANY**

**Products:**   *Asbestos-Containing automobile parts, including but not limited to brakes and clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Decedent's Home | 2347 Inthenole Ave<br>Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

| *Manufacturer:* | HOLLINGSWORTH & VOSE COMPANY, INC. |
| --- | --- |
| *Products:* | *Asbestos-Containing filters and papers.* |

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| Decedent's Person | Ohio | 1947-1957 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*        **HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, as successor in interest to ALLIED CORPORATION, as successor in interest to THE BENDIX CORPORATION**

*Products:*        *Asbestos-Containing automobile parts, including but limited to brakes and clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Decedent's Home | 2347 Inthenole Ave<br>Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| *Manufacturer:* | **LORILLARD TOBACCO COMPANY** |
| *Products:* | *Asbestos-Containing filters and paper* |

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| Decedent's person | Ohio | 1947-1957 |

*Exposure Sheets*                                    THE FERRARO LAW FIRM, P.A.
ROBERT G. LOWTHER, JR., et al.,                              August 25, 2009

---

*Manufacturer:*         **LION APPAREL, INC**

*Products:*             *Asbestos-Containing safety equipment and apparel*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*     **MINE SAFETY APPLIANCES COMPANY**

*Products:*     ***Asbestos-Containing safety equipment and apparel***

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*   **OWENS-ILLINOIS, INC.**

*Products:*   *Kaylo PC and Block*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| Manufacturer: | PNEUMO ABEX LLC, as successor in interest to PNEUMO ABEX CORPORATION |
|---|---|

Products: *Asbestos-Containing brakes and clutch material*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Decedent's Home | 2347 Inthenole Ave<br>Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St.<br>Columbus, OH | 1956-1990 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| | |
|---|---|
| *Manufacturer:* | **REPUBLIC POWDERED METALS, INC (RPM, Inc.) Individually and as successor-in-interest to and/or Alter ego of and/or otherwise Responsible for THE REARDON COMPANY AND BONDEX INTERNATIONAL** |
| **Products:** | *Asbestos-Containing joint compounds, cements and patching* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-1979 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

| | |
|---|---|
| *Manufacturer:* | **SEARS, ROEBUCK AND CO HOLDINGS CORPORATION, Individually and as subsidiary of SEARS HOLDINGS CORPORATION** |
| Products: | *Asbestos-Containing Paint, Spackling, Brakes, Gaskets and Joint Compounds* |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

| | |
|---|---|
| **Manufacturer:** | **SEARS HOLDINGS CORPORATION, Individually and as Parent Company to SEARS, ROEBUCK AND CO.** |
| **Products:** | ***Asbestos-Containing Paint, Spackling, Brakes, Gaskets and Joint Compounds*** |

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

| *Manufacturer:* | **THE SHERWIN-WILLIAMS COMPANY** |
| --- | --- |
| *Products:* | *Compounds, sparkles, gypsum accessory products, textures and paints* |

| Jobsite | City and State | Dates of Exposure |
| --- | --- | --- |
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-2000 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*   **UNION CARBIDE CORPORATION**

Products:   *Asbestos, calidria, joint compounds, textured paints, topping compounds, textured ceilings*

| Jobsite | City and State | Dates of Exposure |
|---------|----------------|-------------------|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-1970 |

*Exposure Sheets*
ROBERT G. LOWTHER, JR., et al.,

THE FERRARO LAW FIRM, P.A.
August 25, 2009

---

*Manufacturer:*   **WESTERN AUTO SUPPLY COMPANY, a subsidiary of
ADVANCE STORES COMPANY, INC.**

*Products:*   *Asbestos-Containing Brakes, Gaskets, Clutches*

| Jobsite | City and State | Dates of Exposure |
|---|---|---|
| Various Residential and Commercial Locations | Columbus, OH | 1945-1986 |
| Decedent's Home | 2347 Inthenole Ave Columbus, OH | 1949-1956 |
| Decedent's Home | 1565 Baxter St. Columbus, OH | 1956-2000 |